1829.

Mumford
v.
Murray.

*MUMFORD AND OTHERS *v.* MURRAY.—BLATCHFORD AND
OTHERS *v.* MURRAY AND OTHERS.

The wife's equity to a support for herself and children out of her estate, which has not been reduced into possession by the husband, is paramount to the rights of the assignee of the husband under the insolvent act.

Where the property of the wife is in the hands of an officer of the Court of Chancery, she may apply by petition for a reasonable allowance out of such estate.

But if she has appropriated to her own use property which belonged to the assignee, the amount thereof must be refunded to him out of her estate.

October 6th.

CAROLINE M. DUNSCOMB, one of the defendants in the last suit, and wife of one of the complainants in the first suit, who is also a defendant in the last cause, presented her petition setting forth that a share of the fund in the hands of the receiver belonged to her as one of the children of J. P. Mumford deceased. She further stated that her husband was insolvent, and that his property had been attached under the act for relief against absconding debtors, and trustees had been appointed; that she was left together with six infant children wholly unprovided for. And she prayed that the receiver might be directed to pay over her share of the estate for her separate use, for the support of herself and children. The petition was served on all the parties in the cause, and upon the trustees of her husband's estate. The trustees objected to the proceeding by petition, as they had not been made parties to the suit. They also put in an affidavit stating that a part of the husband's prop-erty had been removed and secreted after he absconded, and that they were informed it had been appropriated by the wife to her own use.

*R. M. Blatchford* for the petitioner.

*J. Oswold Grim* for the trustees.

THE CHANCELLOR:—The wife is entitled to a reasonable amount out of the property for her support. That amount must also include the necessary provision for her children. *In *Steinmitz* v. *Halthen*, (1 Glyn. & Jam. 64,) it was holden that the wife's equity to a support out of her separate property, for herself and children, attached the moment a bill was filed in respect to it; so that if she died before payment, her children were entitled to a support out of it, to the exclusion of the assignees of the husband, who had been declared a bankrupt.

I see no necessity for proceeding by bill in this case. The fund is in the hands of an officer of the court. And if the wife's equity did not attach thereon the court would order the receiver to pay it over to the assignees on their petition. The right must be reciprocal, unless there are sufficient grounds laid to authorize the court to direct a more formal proceeding by bill. The rights of both parties in this case may be equally well protected by a reference.

If the wife asks equity here she must do equity; and if she has in her possession, or has appropriated to her use, or the support of herself or her children, any property which belonged to her husband at the time the attachment was taken out against him, she must surrender such property or refund the value thereof to the assignees before she is entitled to the fund in court.

There must be a reference to a master to ascertain what will be a reasonable amount to be allowed the petitioner out of her share of the property, for the support of herself and children. He must also inquire and report what property, which belonged to the husband at the time the attachment issued, is now in the hands of the wife, or has been appropriated by her for the support of herself and children, or otherwise since that time; with leave to the trustees to examine her on oath before the master in relation thereto. All other questions are reserved until the coming in of the master's report.